IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:12 CV 639 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| SCHINDLER ELEVATOR CORPOPRATION, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, African American, and to provide appropriate relief to Ronnie White, who was adversely affected by such practices. As alleged with greater particularity below, the U.S Equal Employment Opportunity Commission alleges Defendant, Schindler Elevator Corporation, discriminated against White by discharging him because of his race, African American.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Charlotte, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, White filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about February 21, 2011, Defendant engaged in an unlawful employment practice in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) when it discharged White because of his race, African American.

8. More particularly, Defendant hired White on September 18, 1981 as a helper, and subsequently promoted him to the position of elevator mechanic in or around 1988. As an elevator mechanic, White was responsible for the installation, maintenance and repair of passenger and freight elevators, escalators, dumbwaiters and moving sidewalks. At the time of

his termination, White was performing his job at a level that met Defendant's legitimate expectations.

9. In January 2011, Defendant informed White and other Defendant employees, that a layoff at its Charlotte facility would take place, resulting in the termination of one elevator mechanic. At the time of the layoff, Defendant did not have any formal procedures in place regarding layoffs and the Field Superintendent solely determined the process. Based on information and belief, the Field Superintendent determined the layoff procedure would consist of averaging the last three annual performance evaluation scores (2008, 2009, 2010) from the group of persons eligible for layoff, to identify the three employees with the lowest averages. The Field Superintendent would then select one employee from the bottom three to be terminated.

10. The persons eligible for layoff included nine (9) employees, all of whom were Caucasian, except for White. The Field Superintendent identified the three lowest scoring mechanics based on an averaging of their last three annual performance evaluation scores as: (i) White; (ii) Co-Worker I; and (iii) Co-Worker II. Both Co-Worker I and Co-Worker II are Caucasian. The Field Superintendent decided to terminate White.

11. Based on the three year evaluations considered by the Field Superintendent, White had a higher average score than Co-Worker I and Co-Worker II, and scored the highest on the most recent evaluation year, 2010. In the "Equipment Knowledge" category, White scored the highest compared to Co-Worker I and Co-Worker II for the three (3) year average, and scored the same in the categories of "Service" and "Repair." With regard to "Customer Communication," White scored second highest, just three/tenths (3/10) of a point lower than Co-Worker I, and 1.4 points higher than Co-Worker II, on a scale of one to ten. Also, White

3

received more customer satisfaction awards than either Co-Worker I or Co-Worker II during the relevant period, and received one for each quarter of the last year considered (2010) for determining who should be terminated. In spite of White's higher scores than Co-Worker II in all relevant categories throughout the three year evaluation period, and his higher scores than Co-Worker I in all relevant categories except one, White was terminated and Co-Worker I and Co-Worker II were retained. After White was terminated, Defendant's elevator mechanic workforce was comprised solely of Caucasian workers.

12. The effect of the unlawful employment practice complained of above has been to deprive White of equal employment opportunities and otherwise adversely affect his status as an employee based on his race, African American.

13. The unlawful employment practice complained of above was intentional.

14. The unlawful employment practice complained of above was done with malice or with reckless indifference to the federally protected rights of White.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make White whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

4

to eradicate the effects of the unlawful employment practice described above, including but not limited to front pay, and lost and/or reduced employee benefits including, but not limited to, pension and healthcare benefits.

D. Order Defendant to make White whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described above, including, but not limited to, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make White whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practice described above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay White punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 27th day of September, 2012.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

 s/ Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

 s/ Randall D. Huggins_____
RANDALL D. HUGGINS (OK Bar 17875)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: 704.954.6470
Facsimile: 704.954.6412
Email: randall.huggins@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**